## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAMON DEJESUS CEDENO, individually and on behalf of a class of all other persons similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**ARGENT TRUST COMPANY,**<br>**RYAN SASSON,**<br>**DANIEL BLUMKIN,**<br>**IAN BEHAR,**<br>**DUKE ENTERPRISES LLC,**<br>**TWIST FINANCIAL LLC,**<br>**BLAISE INVESTMENTS LLC, and**<br>**STRATEGIC FINANCIAL SOLUTIONS, LLC,**<br><br>    **Defendants.** | **Case No.** |

## COMPLAINT

Plaintiff Ramon Dejesus Cedeno, by his undersigned attorneys, individually and on behalf of similarly situated participants in the Strategic ESOP and their beneficiaries, alleges upon personal knowledge, the investigation of his counsel, and upon information and belief as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## BACKGROUND

1. Plaintiff Ramon Dejesus Cedeno ("Plaintiff") brings this suit against: Argent Trust Company ("Argent"), the trustee for the Strategic ESOP (the "Plan") when the Plan acquired shares of Strategic Family, Inc. ("Strategic Family") in 2017; selling shareholders Ryan Sasson, Daniel Blumkin, and Ian Behar and their wholly owned limited liability companies Duke

1

Enterprises LLC, Twist Financial LLC, and Blaise Investments LLC ("Shareholder Defendants"); and Strategic Financial Solutions, LLC ("Strategic Financial"), the Plan's administrator.

2.      Plaintiff is a participant in the Plan, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who was vested in shares of Strategic Family allocated to his account in the Plan. The Plan is designated as an employee stock ownership plan (ESOP).

3.      This action is brought under Sections 404, 406, 409, 410, 502(a), and 502(c)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1106, 1109, 1110, 1132(a), and 1132(c)(1), for losses suffered by the Plan and its participants caused by Argent when it caused the Plan to buy shares of Strategic Family for more than fair market value in 2017, and other statutory violations and relief.

4.      As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendants' violations of ERISA.

5.      At all times, Strategic Family and its subsidiary Strategic Financial were privately held companies. Strategic Financial adopted the Plan effective May 1, 2017, and is the Plan's sponsor and administrator. On December 28, 2017, the Plan purchased 54,900 shares of Strategic Family's common stock at a price of approximately $4,412 per share for an aggregate purchase price of $242,228,867. The purchase was funded by the Plan's trust, the Strategic Employee Stock Ownership Trust (the "Trust"), signing notes payable to the former stockholders (the lenders) for an aggregate value of $242,228,867 (the purchase and loan transactions together, the "ESOP Transaction" or "Transaction"). The Plan purchased 75% of Strategic Family's outstanding common stock and the company repurchased and cancelled the remaining 25% of its outstanding common stock. The loan note agreements provided for the loan to be repaid over 30 years and bore interest at 3.00%.

6.     As a result of the ESOP Transaction, Strategic Family became 100% employee owned.

7.     On April 30, 2018, the Plan refinanced the notes payable to the former stockholders under the terms of an Assumption Agreement with Strategic Family, under which Strategic Family unconditionally assumed all obligations of the Trust under the notes payable to former stockholders (the "Refinancing Transaction"). In return, the Trust signed a refinanced (internal) note payable to Strategic Family in the amount of $235,052,055 (the total amount of the notes payable to former stockholders at the date of signing). The terms of the refinanced (internal) note included a requirement to make 30 payments of principal and interest with certain minimum payments each year, with the balance of the notes being payable on December 31, 2046. Interest was to accrue at 3.04% per annum.

8.     In or retroactively as of 2019, the principal amount of the refinanced internal note was increased by $104,500,000, purportedly because of meeting certain targets in the ESOP Transaction's Stock Purchase Agreement, which Argent had negotiated. The cost of the 54,900 shares of Strategic Family common stock to the Plan increased to $346,728,682 by December 31, 2019, as reported in the Plan's 2019 Form 5500 Annual Return/Report of Employee Benefit Plan (filed Oct. 15, 2020).

9.     Argent represented the Plan and its participants as Trustee in the ESOP Transaction. It had sole and exclusive authority to negotiate the terms of the ESOP Transaction on the Plan's behalf.

10.    The ESOP Transaction allowed the selling shareholders, including Shareholder Defendants and other shareholders (together the "Selling Shareholders"), to unload their interests in Strategic Family above fair market value, for the reasons explained below, and saddle the Plan

with tens of millions of dollars of debt over a 30-year repayment period to finance the Transaction. Argent failed to fulfill its ERISA duties, as Trustee and fiduciary, to the Plan and its participants, including Plaintiff.

11.    The Shareholder Defendants are parties in interest who sold shares in the ESOP Transaction. The Shareholder Defendants are liable under ERISA for participating in prohibited transactions and Argent's breaches of fiduciary duty under ERISA.

12.    Argent represented the Plan and its participants as Trustee in the Refinancing Transaction. It had sole and exclusive authority to negotiate the terms of the Refinancing Transaction on the Plan's behalf. Argent breached its fiduciary duties by approving the Refinancing Transaction, which was not solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and the beneficiaries of the Plan and defraying reasonable expenses of administering the Plan.

13.    Plaintiff brings this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by him and similarly situated participants, resulting from Argent's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA, and breaching its fiduciary duties under ERISA, and the Shareholder Defendants' participation in these violations.

14.    Plaintiff Cedeno also seeks on an individual basis statutory penalties against Strategic Financial for failing to disclose to him requested documents as required by ERISA.

## JURISDICTION AND VENUE

15.    This action arises under Title I of ERISA, 29 U.S.C. §§ 1001 *et seq.*, and is brought by Plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a), to require Argent to make good to the Plan losses resulting from its violations of the provisions of Title I of ERISA, to obtain appropriate

equitable relief against Argent and the Shareholder Defendants, to restore to the Plan any profits that have been made by breaching fiduciaries and parties in interest through the use of Plan assets, to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of ERISA, and to obtain to Plaintiff Cedeno individually statutory penalties against Strategic Financial for failing to disclose documents to him as required by ERISA.

16.     This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

17.     Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District, because some of the events or omissions giving rise to the claims occurred in this District, and because one or more Defendants reside or may be found in this District.

## PARTIES

18.     Plaintiff Ramon Dejesus Cedeno is and has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), since the adoption of the Plan effective on May 1, 2017. Plaintiff resides in Miami, Florida. He was a Senior Customer Service Representative at Strategic Financial. He was employed there from March 21, 2016 to April 2019. He vested in shares of Strategic Family in his Plan account.

19.     Defendant Strategic Financial was headquartered in this District at 711 3rd Avenue, 6th Floor, New York, New York 10017, from the effective date of the Plan on May 1, 2017 to the present. Strategic Financial is and was the Plan's administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), from the effective date of the Plan to the present. The Plan's Forms 5500 report at Part II Lines 2a & 3a that Strategic Financial is the Plan's administrator.

20.     Defendant Argent operates as an investment management firm and offers financial planning, trusts, and real estate management services to families and organizations. Argent's principal place of business is 1100 Abernathy Road, 500 Northpark, Suite 550, Atlanta, Georgia 30328. Argent is a division of Argent Financial Group, an independent wealth management firm. Argent Financial Group is headquartered at 500 E Reynolds Dr., Ruston, Louisiana 71270.

21.     Defendant Argent was the Trustee of the Plan at the time of the ESOP Transaction and the Refinancing Transaction and up to October 31, 2019, the effective date of its replacement as Trustee. Argent was a "fiduciary" under ERISA because it was the Trustee. As Trustee, Argent had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize and negotiate the ESOP Transaction and the Refinancing Transaction on the Plan's behalf. Argent was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all times that it was Trustee of the Plan.

22.     The Notes to Financial Statements of the Plan's Forms 5500 Annual Return/Report state that service providers to the Plan are parties in interest under ERISA, and that Argent was the Plan's Trustee.

23.     Defendant Ryan Sasson was a Selling Shareholder in the ESOP Transaction, directly or indirectly through his wholly owned limited liability company, Duke Enterprises LLC. He was the Chief Executive Officer and a Director of Strategic Family and/or its subsidiary Strategic Financial (together, "Strategic") at the time of the ESOP Transaction and continuing to the present. Ryan Sasson was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly; and/or as a Strategic director or person with powers or responsibilities similar to a

director; and/or as an officer of Strategic or person with powers or responsibilities similar to an officer; and/or as an employee of Strategic.

24.   Defendant Ryan Sasson was since the ESOP Transaction employed at and was an officer and director at Strategic Financial at 711 3rd Avenue, 6th Floor, New York, New York 10017. Ryan Sasson resides at 205 East 59th Street, PH, New York, New York 10022.

25.   Defendant Daniel Blumkin was a Selling Shareholder in the ESOP Transaction, directly or indirectly through his wholly owned limited liability company, Twist Financial LLC. He was the President and Chief Sales Officer and a Director of Strategic at the time of the ESOP Transaction and continuing to the present. Daniel Blumkin was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly; and/or as a Strategic director or person with powers or responsibilities similar to a director; and/or as an officer of Strategic or person with powers or responsibilities similar to an officer; and/or as an employee of Strategic.

26.   Defendant Daniel Blumkin was since the ESOP Transaction employed at and was an officer and director at Strategic Financial at 711 3rd Avenue, 6th Floor, New York, New York 10017. Daniel Blumkin resides at 512 Wilshire Dr., Great Neck, New York 11020.

27.   Defendant Ian Behar was a Selling Shareholder in the ESOP Transaction, directly or indirectly through his wholly owned limited liability company, Blaise Investments LLC. He was a director and/or officer of Strategic at the time of the ESOP Transaction. Ian Behar was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly; and/or as a Strategic director or person with powers or responsibilities similar to a director; and/or as an officer of Strategic or person with powers or responsibilities similar to an officer.

28.     Defendant Ian Behar resides at 54 Warren Street, Apt. PH, New York, New York 10007.

29.     Defendant Duke Enterprises LLC was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly. Upon information and belief, Duke Enterprises LLC was formed in Delaware on November 14, 2013. Ryan Sasson owns and manages Duke Enterprises LLC. Duke Enterprises LLC has a principal place of business at 711 3rd Avenue, New York, New York 10017.

30.     Defendant Twist Financial LLC was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly. Twist Financial LLC was formed in Delaware on January 4, 2010. Daniel Blumkin owns and manages Twist Financial LLC. Twist Financial LLC has a principal place of business at 512 Wilshire Dr., Great Neck, New York 11020.

31.     Defendant Blaise Investments LLC was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at the time of the ESOP Transaction as a 10 percent or more shareholder of Strategic Family, directly or indirectly. Blaise Investments LLC was formed in Delaware on January 4, 2010. Ian Behar owns and manages Blaise Investments LLC. Blaise Investments LLC has an address at 54 Warren Street, Apt. PH, New York, New York 10007.

## FACTUAL ALLEGATIONS

### Plan Background and the 2017–2018 Stock and Loan Transactions

32.     Strategic Financial bills itself as an award-winning financial services firm dedicated to helping people burdened with debt, which creates personalized debt relief programs that include debt consolidation loans and debt resolution programs. Strategic Financial and its parent Strategic

Family, a holding company, are headquartered in Manhattan, New York. Strategic Financial also has an office called Strategic Financial Solutions Buffalo in Amherst, New York. Strategic Financial was founded in 2007 by Ryan Sasson, Daniel Blumkin, and Ian Behar. The company had more than 600 employees at the time of the ESOP Transaction, with about 600 employees in Manhattan and about 70 employees in Amherst. Strategic Financial and Strategic Family were at all times private companies. Strategic Family and/or Strategic Financial have had other subsidiaries since the effective date of the Plan.

33.     Strategic Family has been located at 711 3rd Avenue, 6th Floor, New York, New York 10017, from the effective date of the Plan on May 1, 2017 to the present. Strategic Family owned Strategic Financial at the time of the ESOP Transaction and to the present.

34.     Strategic Family was incorporated in Delaware on October 31, 2017.

35.     Strategic Family stock is not readily tradable on an established securities market. There is and was no public market for Strategic Family stock.

36.     Strategic Financial was formed in Delaware on October 8, 2010.

37.     Strategic Financial adopted the Plan effective May 1, 2017.

38.     Strategic Financial is and was from the inception of the Plan the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

39.     The Plan is a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

40.     The Plan is intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP." The Plan was designed to invest primarily in the employer securities of Strategic Family.

41.     The Plan's principal asset is and has been Strategic Family stock at all times since the ESOP Transaction.

42.     The Plan is an individual account plan, or defined contribution plan, under which a separate individual account was established for each participant.

43.     Employees of Strategic Financial and its participating subsidiaries are generally eligible to participate in the Plan after one year of service, providing they worked at least 1,000 hours during such Plan Year, and are aged 21. For the 2017 Plan Year, the first year of operation for the Plan, all employees who had attained age 21 and were employed on the last day of the Plan Year were eligible to enter the Plan as of the later of their date of employment or May 1, 2017, regardless of service requirement.

44.     Employees of Strategic Financial and its parent Strategic Family participate in the Plan.

45.     Strategic Financial is and was an ERISA fiduciary to the Plan as its administrator.

46.     Strategic Financial is and was at the time of the ESOP Transaction a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

47.     Strategic Financial's functions as Plan Administrator were executed by its employees on its Strategic ESOP Committee, who were appointed to the Committee by Strategic Financial.

48.     Strategic Family acted directly as an employer of Plan participants, and/or indirectly in the interest of Strategic Financial and/or other subsidiaries or affiliates who employed Plan participants, in relation to the Plan.

49.     Strategic Family is and was an owner of 50 percent or more of (i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of

stock of a corporation; (ii) the capital interest or the profits interest of a partnership; or (iii) the beneficial interest of a trust or unincorporated enterprise, which is an employer of Plan participants and a Plan fiduciary. That is, Strategic Family, as owner of Strategic Financial, was and is a party in interest.

50.     The Schedules H, Line 4i -Schedule of Assets (Held At End of Year) to the Plan's Forms 5500 Annual Return/Report report that Strategic Family is a party in interest to the Plan.

51.     Note 9 to the Financial Statements to the Plan's 2018 and 2019 Forms 5500 Annual Return/Report reports that the Plan's indebtedness to Strategic Family for the loan to be used to purchase the Strategic Family stock is a party in interest transaction.

52.     Strategic Family was at the time of the December 28, 2017 ESOP Transaction and at all times to present a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

53.     Note 9 to the Financial Statements to the Plan's 2017 Form 5500 Annual Return/Report reports that the Plan's stock and loan transactions with the former shareholders "are related party and party in interest transactions."

54.     The Plan's Forms 5500 were signed by Kimberly Celic, the Chief People Officer, on behalf of Strategic Financial in its capacity as Plan Administrator under penalty of perjury.

55.     Strategic Financial appointed Argent as Trustee of the Plan. As Trustee, Argent had sole and exclusive authority to negotiate and approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for Strategic Family stock.

56.     As Trustee for the Plan, it was Argent's exclusive duty to ensure that any transactions between the Plan and the Selling Shareholders and between the Plan and Strategic Family, including acquisitions of Strategic Family stock by the Plan and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

57.     On December 28, 2017, the Plan purchased from the Selling Shareholders 54,900 shares of Strategic Family's common stock for approximately $4,412 per share for an aggregate purchase price of $242,228,867.

58.     The Plan purchased 75% of Strategic Family's outstanding common stock and the company repurchased and cancelled the remaining 25% of its outstanding common stock, which it thereafter retired. At that time, Strategic Family became 100% employee owned.

59.     The Selling Shareholders, including the Shareholder Defendants, were the shareholders of Strategic Family common stock at the time of the ESOP Transaction.

60.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. In addition to the Shareholder Defendants, one or more other Selling Shareholders were parties in interest to the Plan at the time of the ESOP Transaction.

61.     The Plan's purchase of the stock was funded by the Plan's trust, the Strategic Employee Stock Ownership Trust, signing notes payable to the former stockholders (the Lenders) for an aggregate value of $242,228,867. The loan note agreements provided for the loan to be repaid over 30 years and bore interest at 3.00%.

62.     On April 30, 2018, the Plan refinanced those notes under the terms of an Assumption Agreement with Strategic Family, under which Strategic Family unconditionally assumed all obligations of the Trust under the notes payable to former stockholders. In return, the Trust signed a refinanced (internal) note payable to Strategic Family in the amount of $235,052,055 (the total amount of the notes payable to former stockholders at the date of signing). The terms of the refinanced (internal) note included a requirement to make 30 payments of

principal and interest with certain minimum payments each year, with the balance of the notes being payable on December 31, 2046. Interest was to accrue at 3.04% per annum.

63.     Also pursuant to the Assumption Agreement, Strategic Family issued notes payable to the former stockholders in the amount of $235,052,055. The terms of these notes payable require interest to accrue daily at an annual rate of 3.04%. There is no defined repayment term, but the notes mature and are payable in full on December 31, 2028.

64.     Plaintiff Cedeno was allocated shares of Strategic Family stock in his individual account in the Plan in 2017 and 2018. He was vested in Strategic Family shares in his Plan account.

65.     Strategic Financial announced in a media release dated February 6, 2018, that:

> Strategic Financial Solutions has announced that it is now wholly employee-owned through an Employee Stock Ownership Plan (ESOP). This new corporate governance structure will ensure the company can continue its rapid growth while staying true to its core values and unique culture.
>
> As a result of the transaction, there will be no changes in the company's senior management, client services, operations, or business strategy. Co-founders Ryan Sasson and Daniel Blumkin will continue to serve as CEO and President respectively.

66.     Before and following the ESOP Transaction, Strategic's Board of Directors included Defendants Ryan Sasson, Daniel Blumkin, and Ian Behar, and another Selling Shareholder, directly or indirectly, Jordan Levy.

67.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for Strategic Family even though the Plan did not obtain control over the Strategic Family Board of Directors upon its 2017 purchase of the company. Further, the Plan did not receive a discount for lack of control. The Plan therefore overpaid for Strategic Family. Selling Shareholders retained control of the Board as a result of warrants

13

received in exchange for their Strategic Family shares and other Transaction and/or corporate documents.

68.     As Trustee, Argent is subject to liability for a payment by the Plan of more than fair market value for Strategic Family stock caused by the Plan's payment of a control premium where a previous owner or owners retained control of Strategic Family, the Plan's failure to receive a discount for lack of control, and/or other factors in Argent's faulty valuation of Strategic Family in the ESOP Transaction.

69.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Strategic provided financial projections to Argent for the valuation for the ESOP Transaction. The financial projections were unreasonably optimistic.

70.     While the Plan paid $242,228,867 for the 54,900 shares of Strategic Family's common stock on December 28, 2017, the fair value of the stock was revalued at $111,282,300 as of December 31, 2017. Dropping further on a new valuation as of December 31, 2018, the Strategic Family stock was revalued at $101,455,200. Plaintiff does not aver that any of these valuations was accurate.

71.     In or retroactively as of 2019, the principal amount of the refinanced internal note was increased by $104,500,000, purportedly as a result of the achievement of certain targets in the Stock Purchase Agreement, which Argent had negotiated, for the year ended December 31, 2019. By December 31, 2019, the cost of the Strategic Family shares to the Plan had increased to $346,728,682.

72.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery. Argent did not perform due diligence in the course of the ESOP Transaction similar to the due diligence that is performed by third-party buyers in large corporate transactions. Argent's due diligence in the ESOP Transaction was less extensive and thorough than the due diligence performed by third-party buyers in corporate transactions of similar size and complexity. The Plan overpaid for Strategic Family stock in the ESOP Transaction due to Argent's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate guideline public companies for comparison, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, and/or other factors that rendered the valuation of Strategic Family stock in the ESOP Transaction faulty. Argent's failure to act with care, skill, prudence, and diligence is further demonstrated by its approving a Stock Purchase Agreement term that caused the Plan, in or as of 2019, to assume an additional obligation over $100 million for the Strategic Family stock, further in excess of fair market value.

73.     Incentives to Argent to act in favor of the Selling Shareholders in the ESOP Transaction in breach of its duty of loyalty to the Plan included the possibility of business from sellers of companies who understood that Argent applied a lesser degree of due diligence in ESOP purchases of businesses than is typical for non-ESOP-buyers' purchases of businesses, and engagement as the Plan's ongoing trustee after the ESOP Transaction and the fees paid for that engagement.

74.     Argent is liable to the Plan for the difference between the price paid by the Plan and the fair market value of Strategic Family shares at the time of the ESOP Transaction.

75.     The Shareholder Defendants are liable to the Plan to repay the difference between the price they received and the fair market value of their Strategic Family shares at the time of the ESOP Transaction.

76.     In other litigation, Mikael Rapaport, who had been a shareholder of Strategic Family and/or Strategic Financial, alleges: "The 1042 Rollover is known to be one of the main advantages of an ESOP buy-out transaction of this kind and is assumed to be a primary reason why Mr. Ryan Sasson and other officers who are also shareholders in SFS Inc. (directly or through their respective single members' limited liability companies) chose to enter into the ESOP Transaction." *Peerform Holdings, LLC, et al.  v. Strategic Family, Inc., et al.*, No. 652634/2019, *complaint filed*, 2019 WL 1997636, at ¶ 32 (N.Y. Sup. Ct. N.Y. Cty. May 3, 2019). Such a rollover allows shareholders to "defer capital gains tax under Section 1042 of the Internal Revenue Code by reinvesting the proceeds of the ESOP Transaction into 'qualified replacement properties' within a 12 months period after the closing of the ESOP Transaction." *Id.* at ¶ 31.

77.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan did not qualify as, and was not at any time, an EIAP or an ESOP. The Plan, from its inception, was not a bona fide program for the exclusive benefit of employees in general or their beneficiaries. The ESOP Transaction allowed the Selling Shareholders to overcharge the Plan for the purchase of their Strategic Family stock and to enjoy certain tax advantages by selling to a purported ESOP rather than to a non-ESOP buyer. The ESOP Transaction loans were not primarily for the benefit of Plan participants and beneficiaries, but for the Selling Shareholders.

78.     The Notes to Financial Statements of the Plan's Forms 5500 explain that the Plan's operating expenses for 2017 through 2019 were paid by Strategic Family.

79.     Argent received consideration for its own personal account from Strategic for its services in the ESOP Transaction, in the form of fees and an indemnification agreement, under a contract made when the Selling Shareholders owned Strategic.

## The Trustee's Indemnification Agreement

80.     Pursuant to Argent's engagement agreement, Strategic, when it was owned by the Selling Shareholders, agreed to indemnify Argent as Plan Trustee in connection with the ESOP Transaction. The indemnification agreement is something of value, potentially worth millions of dollars of defense costs and/or liability in ERISA private company ESOP litigation.

81.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The indemnification agreement does not contain an exemption addressing violation of the *per se* prohibited transaction rules under ERISA § 406. The indemnification agreement does not require payment of interest or otherwise account for the time value of money should Argent ultimately be required to reimburse Strategic.

82.     The indemnification agreement is invalid under ERISA § 410(a), 29 U.S.C. § 1110(a), as against public policy because Argent violated its ERISA duties to the Plan, and its legal defense and liability for the Plan's losses should not be paid by the company that the Plan owns.

83.     Payment by Strategic of millions of dollars of attorneys' fees, costs, litigation expenses, and liabilities to Argent necessarily would adversely impact Strategic Family's equity value and therefore the value of Plan assets. Direct payment or reimbursement of Argent's attorneys' fees, costs, litigation expenses, and liabilities by Strategic, or the Plan that owns it, would adversely affect the Plan and Plaintiff's and other participants' financial interests.

**Plaintiff Cedeno's Requests for Documents**

84.     By certified mail sent to Defendant Strategic Financial on January 9, 2020, Plaintiff

Cedeno, through counsel, made a written request under ERISA § 104(b)(4), 29 U.S.C.

§ 1024(b)(4), for:

> 1. All written instruments under which the Plan was and is governed
> or established, including but not limited to the Plan's master
> documents (s), contracts, summary plan descriptions, annual
> reports, trust agreements, summaries of material modification, and
> all amendments, exhibits or appendices thereto, and all stock
> fairness-opinion/valuation/appraisal report (s) upon which the Plan
> was established in 2017; and
>
> 2. A complete set of account statements for Mr. Dejesus Cedeno.

Letter to Strategic Financial from Major Khan, Esq. (Jan. 9, 2020). Strategic Financial received

the letter on January 14, 2020. To date, there has been no response.

85.     By certified mail sent to Defendant Strategic Financial on June 29, 2020, Plaintiff

Cedeno, through counsel, informed Strategic Financial that it was late in responding under the

thirty day statutory deadline and he renewed his request under ERISA § 104(b)(4), 29 U.S.C.

§ 1024(b)(4). Strategic Financial received the letter on July 6, 2020. To date, there has been no

response.

86.     On August 21, 2020, Plaintiff Cedeno, through counsel, sent a third ERISA

§ 104(b)(4) request letter addressed to Strategic Financial and to the Strategic ESOP Committee

and to Kimberly Celic, who signed the Plan's Forms 5500 on behalf of the Plan Administrator.

Plaintiff Cedeno specifically asked for the Plan document, the Plan's Summary Plan Description

(SPD), the latest Plan annual report, the trust agreement, and the trust or other agreement under

which Argent was retained or appointed to determine whether the Plan should acquire Strategic

Family stock. The Strategic ESOP Committee and Kimberly Celic received their letters on August

24, 2020, and Strategic Financial received the letter on August 31, 2020. To date, there has been no response.

## CLAIMS FOR RELIEF

## COUNT I

### Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b), Against Argent

87.      Plaintiff incorporates the preceding paragraphs as though set forth herein.

88.      ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here Argent, from causing a plan, here the Plan, to engage in a sale or exchange of any property, here Strategic Family stock, with a party in interest, here the Selling Shareholders, as took place in the ESOP Transaction.

89.      ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits Argent from causing the Plan to borrow money from a party in interest, here the Selling Shareholders, as took place in the ESOP Transaction.

90.      ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits Argent from causing the Plan to engage in a transaction that constitutes a direct or indirect transfer to, or use by or for the benefit of, a party in interest, here the Selling Shareholders, of any assets of the Plan, as took place in and after the ESOP Transaction with the transfer of Plan assets as payment for Strategic Family stock and in continuing payments on the loan.

91.      The stock and loan transactions between the Plan and the parties in interest were authorized by Argent in its capacity as Trustee for the Plan.

92.      Argent caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

93.     ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

94.     Argent caused the Plan to acquire Strategic Family stock from the Selling Shareholders above fair market value and with the proceeds of loans that were used to pay the Selling Shareholders. This primarily benefited the Selling Shareholders to the substantial detriment of the Plan and its participants and beneficiaries, even though Argent was required to act solely in the interests of the Plan's participants and beneficiaries in connection with any such transaction.

95.     Argent received consideration for its own personal account from Strategic—fees and an indemnification agreement—as Trustee for the Plan in the ESOP Transaction, in violation of ERISA § 406(b)(3).

96.     Argent caused and engaged in prohibited transactions in violation of ERISA § 406(b) in the ESOP Transaction.

97.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

98.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

99.     Argent has caused losses to the Plan by the prohibited transactions in an amount to be proved specifically at trial.

## COUNT II

**Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a), Against Argent**

100.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

101.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan and defraying reasonable expenses of administering the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

102.     The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

103.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

104.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

105.     Argent was required to undertake an appropriate and independent investigation of the fair market value of Strategic Family stock in or about December 2017 in order to fulfill its fiduciary duties, and an appropriate investigation would have revealed that the valuation used for the ESOP Transaction did not reflect the fair market value of the Strategic Family stock purchased by the Plan.

106.     In the Refinancing Transaction in April 2018, Argent was required to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and the beneficiaries of the Plan and defraying reasonable expenses of administering the Plan. The refinancing for the benefit of the Selling Shareholders, and at a higher rate of interest than had been agreed to in the ESOP Transaction, breached this duty.

107.     Argent's negotiation of a Stock Purchase Agreement that allowed the principal amount of the refinanced internal note to be increased by $104,500,000 in 2019, even further afield from the fair market value of Strategic Family stock, was a breach of its duties of care, skill, prudence and diligence.

108.     Argent breached its duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

109.     Argent has caused losses to the Plan by its breaches of fiduciary duty in an amount to be proved specifically at trial.

## COUNT III

### Violation of ERISA §§ 410 and 404(a)(1)(A), (B),
### 29 U.S.C. §§ 1110 and 1104(a)(1)(A), (B), Against Argent

110.    Plaintiff incorporates the preceding paragraphs as though set forth herein.

111.    ERISA § 410(a), 29 U.S.C. § 1110(a), provides in relevant part (with exceptions not applicable here) that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [Part IV of Subtitle B of Title I of ERISA] shall be void as against public policy." As ERISA § 406 is under Part IV, any provision that attempts to relieve Argent, a Plan fiduciary, of responsibility or liability is void pursuant to ERISA § 410(a) unless there is an exception or exemption. No such exception or exemption is applicable to the Count I claim here.

112.    ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

113.    ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

114.    The indemnification agreement purports to provide payment or reimbursement for the benefit of Argent for its expenses, losses, damages, and liabilities, including but not limited to attorneys' fees.

115.    To the extent that the indemnification agreement attempts to relieve Argent of its responsibility or liability to discharge its duties under ERISA, or attempts to have Strategic (a

23

Plan-owned company) and thereby the Plan be responsible for Argent's liability for breaches of the statute, including but not limited to defense costs, such provisions are void as against public policy.

116.    To the extent that any of the fiduciaries of the Plan would agree to the exercise of such a provision that is void against public policy under ERISA § 410, they breached their fiduciary duties under ERISA by failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B). *See also* ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

117.    As a result of the foregoing, should it be held liable under the preceding Count I, Argent should be ordered to disgorge any indemnification payments made by Strategic and/or the Plan, plus interest.

## **COUNT IV**

**Prohibited Transactions Pursuant to 29 U.S.C. § 1132(a)(3), Against the Shareholder Defendants**

118.    Plaintiff incorporates the preceding paragraphs as though set forth herein.

119.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a civil action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

120.    The Supreme Court has held that anyone, including a non-fiduciary, who receives the benefit of conduct that violates ERISA may be subject to equitable remedies under ERISA § 502(a)(3) if they have "actual or constructive knowledge of the circumstances that rendered the

transaction unlawful." *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000).

121.    As a result of the prohibited transactions described above, Shareholder Defendants received Plan assets in payments above fair market value for their Strategic Family stock.

122.    The Shareholder Defendants were parties in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as described above.

123.    The Shareholder Defendants knew or should have known (1) about the existence of the Plan, (2) about the Plan's purchase of their Strategic Family stock in the ESOP Transaction, (3) that Argent was a fiduciary to the Plan, (4) that the ESOP Transaction was for above fair market value, (5) that Argent caused the Plan to engage in transactions prohibited under ERISA § 406(a) and (b), 29 U.S.C. § 1106(a) and (b), (6) that Argent breached its fiduciary duties under ERISA, and (7) that the true purpose of the ESOP Transaction was to benefit the Selling Shareholders.

124.    As directors and officers of Strategic and as Selling Shareholders, the Shareholder Defendants were aware of sufficient facts that the ESOP Transaction constituted a prohibited transaction with parties in interest. As parties in interest, the Shareholder Defendants are liable for violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).

125.    The Shareholder Defendants have profited from the prohibited transactions in an amount to be proven at trial, and upon information and belief, they remain in possession of some or all of the assets that belong to the Plan.

126.    The Shareholder Defendants are subject to appropriate equitable relief including disgorgement of any profits, accounting for profits, surcharge, having a constructive trust placed on any proceeds received (or which are traceable thereto), having the transactions rescinded,

requiring all or part of the consideration to be restored to the Plan, or to be subject to other appropriate equitable relief.

## COUNT V

**Statutory Penalty for Failure or Refusal to Timely Provide Requested Documents Pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), by Plaintiff Cedeno Individually Against Strategic Financial**

127.    Plaintiff incorporates the preceding paragraphs as though set forth herein.

128.    ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that: "A civil action may be brought…by a participant or beneficiary…for the relief provided in subsection (c) of this section."

129.    Pursuant to ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), and 29 C.F.R. § 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 per day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

130.    ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), provides that the administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description and annual report, and the trust agreement, contract, or other instruments under which the plan is established or operated.

131.    By certified mail dated January 9, 2020, to the Plan Administrator, Strategic Financial, Plaintiff Cedeno, through counsel, made a written request for documents required to be

provided under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). Strategic Financial received the letter on January 14, 2020.

132.    By letter sent on June 29, 2020, to Strategic Financial, Plaintiff Cedeno, though counsel, reminded Strategic Financial of his request and referred to the ERISA penalty for failure to disclose.

133.    By letter sent on August 21, 2020, to Strategic Financial, the Strategic ESOP Committee, and Kimberly Celic, Plaintiff Cedeno, though counsel, reminded the Plan Administrator of his request and recited the penalty provision.

134.    To date, Strategic Financial has not responded to Plaintiff Cedeno's request for documents.

135.    Strategic Financial should be held liable to Plaintiff Cedeno for the maximum available document penalties as accrued on the date on which Strategic Financial provides the requested documents or the date of judgment herein, whichever is earlier.

## CLASS ACTION ALLEGATIONS

136.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All participants in the Strategic ESOP (the "Plan") and the beneficiaries of such participants as of the date of the December 28, 2017 ESOP Transaction or anytime thereafter. Excluded from the Class are the shareholders who sold the stock of Strategic Family, Inc. ("Strategic Family") to the Plan on December 28, 2017, and their immediate families; the directors and officers of Strategic Family or Strategic Financial Solutions, LLC and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

137.    The Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class members are unknown to Plaintiff at this time, the Plan's

most recent Form 5500 filing reports that as of December 31, 2019, there were 548 participants in the Plan.

138.    Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

i.     Whether Argent served as Trustee in the Plan's acquisition of Strategic Family stock;

ii.    Whether Argent was an ERISA fiduciary of the Plan;

iii.   Whether Argent caused the Plan to engage in prohibited transactions under ERISA by permitting the Plan to purchase Strategic Family stock and take loans from parties in interest;

iv.    Whether Argent engaged in a good faith valuation of the Strategic Family stock in connection with the ESOP Transaction;

v.     Whether Argent caused the Plan to pay more than fair market value for Strategic Family stock;

vi.    Whether Argent engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

vii.   Whether Argent engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

viii.  Whether Argent breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of Strategic Family stock in or about December 2017;

ix.    Whether Argent breached its fiduciary duty in the Refinancing Transaction;

    x.   Whether Strategic Family was a party in interest;

   xi.   Whether the Shareholder Defendants were parties in interest;

  xii.   Whether the Shareholder Defendants, as parties in interest, participated in the prohibited transactions;

 xiii.   The amount of losses suffered by the Plan and its participants as a result of Argent's ERISA violations;

 xiv.   The appropriate relief for Argent's violations of ERISA; and

  xv.   The appropriate relief for Shareholder Defendants' knowing participation in Argent's violations of ERISA.

139.    Plaintiff's claims are typical of those of the Class. For example, Plaintiff, like other Plan participants in the Class, suffered a diminution in the value of his Plan account because the Plan paid above fair market value and took on excessive loans for Strategic Family stock, resulting in him being allocated fewer shares of stock, and he continues to suffer such losses in the present because Argent failed to correct the overpayment by the Plan.

140.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

141.    Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Argent, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

142.    The names and addresses of the Class members are available from the Plan. Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants and for the following relief:

A.    Declare that Defendant Argent caused the Plan to engage in and itself engaged in prohibited transactions and thereby breached its duties under ERISA;

B.    Declare that the Shareholder Defendants participated in prohibited transactions with the Plan in violation of ERISA;

C.    Declare that Defendant Argent breached its fiduciary duties under ERISA to the Plan and the class members;

D.    Order each Defendant found to have violated ERISA to jointly and severally make good to the Plan and/or to any successor trust(s) the losses resulting from the breaches of ERISA and restore any profits it, he, or she has made through use of assets of the Plan;

E.    Order that Defendants provide other appropriate equitable relief to the Plan and its participants and beneficiaries, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

F.    Order the proceeds of any recovery for the Plan to be allocated to the accounts of the class members to make them whole for any injury that they suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

G.      Order the allocation to the accounts of the class members of the additional shares of stock that would have been allocated but for the Plan's overpayment on company stock and Defendants' breaches of ERISA;

H.      Declare that the indemnification agreement between Defendant Argent and Strategic violates ERISA § 410, 29 U.S.C. § 1110;

I.      Order Defendant Argent to reimburse Strategic for any money paid by Strategic under any indemnification agreement between Argent and Strategic, plus interest;

J.      Order that Defendant Strategic Financial is liable to Plaintiff Cedeno for a penalty of $110 per day from February 13, 2020, to the date on which Strategic Financial provides the requested documents or the date of judgment herein, whichever is earlier;

K.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

L.      Order Defendant Argent to disgorge any fees it received in conjunction with its services as Trustee for the Plan in the ESOP Transaction as well as any earnings and profits thereon;

M.      Order Defendants to pay prejudgment and post-judgment interest;

N.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and his counsel as class counsel; and

O.      Award such other and further relief as the Court deems equitable and just.

Dated:    November 27, 2020

Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Ryan T. Jenny*
Ryan T. Jenny
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
rjenny@baileyglasser.com

*Attorneys for Plaintiff*