# GROOM LAW GROUP

February 8, 2021

**Via ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> No pre-motion conference is necessary. The defendant may move to compel arbitration by March 5, 2021. The plaintiff shall respond by March 26, 2021. The defendant shall reply by April 7, 2021.
>
> SO ORDERED.
>
> New York, New York     /s/ John G. Koeltl
> February 10, 2021      John G. Koeltl, U.S.D.J.

Re: *Cedeno v. Argent Trust Company*

Dear Judge Koeltl:

On behalf of all Defendants, and pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference, should the Court deem it necessary. Specifically, Defendants intend to move the Court (1) to compel Plaintiff to submit all claims alleged in his Complaint to binding arbitration, under the terms of the Strategic ESOP plan document (the "ESOP Plan Document"); (2) to direct that any arbitration be on an individual basis, per the terms of the ESOP Plan Document; (3) to stay this case while any arbitration occurs; and (4) to award Defendants fees, costs, and expenses incurred in enforcing the Plan's arbitration provisions. Good cause exists for Defendants' forthcoming motion and instant request for a pre-motion conference, as follows:

## I. Introduction

The crux of Plaintiff's dispute with Defendants is that he is a former employee of Strategic Financial Solutions, LLC and a participant in the Plan, and that, because of alleged misconduct by Defendants, the shares of stock of the Company's parent (Strategic Family, Inc.) in Plaintiff's ESOP account are worth less than they should be. *See* Compl. ¶¶ 13, 18. Plaintiff asserts that, by the alleged misconduct, Defendants violated several sections of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). *See id.* ¶¶ 87-135.

Notably, Plaintiff's purported entitlement to the benefits and other relief he seeks in his Complaint derives from the ESOP Plan Document, which unambiguously requires Plan participants to pursue ERISA claims in binding individual arbitration. In defiance of these provisions, Plaintiff filed his Complaint before this Court, and he has refused to dismiss this case even after being informed of the Plan's arbitration provisions by Defendants' counsel.

## II. The Court Should Compel Plaintiff to Arbitrate All Claims in His Complaint

As Defendants are prepared to present in more detail in their motion, the Court should consider: "(1) whether the parties agreed to arbitrate; (2) the scope [of] the arbitration agreement; (3) whether, if federal statutory claims are asserted, Congress intended those claims to be nonarbitrable; and (4) whether, if some but not all of the claims in the case are arbitrable, the

Hon. John G. Koeltl
February 8, 2021
Page 2

case should be stayed pending arbitration." *McAllister v. Conn. Renaissance Inc.*, 496 F. App'x 104, 106 (2d Cir. 2012).  Each inquiry supports compelling Plaintiff to arbitrate.

*First*, Section 17.10(a) of the ESOP Plan Document (which the Court may consider for a motion to compel arbitration) provides that "[a]s a condition to (i) any Employee becoming eligible to participate in the Plan, (ii) any Employee, Participant or Beneficiary receiving any contributions to his Accounts, or (iii) any Employee, Participant or Beneficiary receiving any benefit under the Plan, such Employee, Participant or Beneficiary shall be bound by the provisions of this Section 17.10 (the "Arbitration Procedure") to resolve all Covered Claims." As the Supreme Court has recognized, ERISA directs courts to enforce plan documents as written.  *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013).  Moreover, plan sponsors have "large leeway to design [employee benefit plans] as they see fit."  *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013).  The written plan document binds participants, beneficiaries, and plan sponsors, and governs claims made under the plan.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995) (holding that ERISA's statutory scheme is "built around reliance on the face of written plan documents").

Plaintiff alleges that he is a participant in the Plan, *see* Compl. ¶ 18, and the ESOP Plan Document requires Participants to arbitrate "Covered Claims."  Accordingly, the Court should conclude that the plan document and its arbitration provisions are binding on Plaintiff.

*Second*, Section 17.10(b) defines "Covered Claims" as "[a]ny claim . . . asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty . . . and claims for failure to provide in a timely manner notices or information required by ERISA or the Code."  Plaintiff's Complaint includes five counts, with allegations that defendants violated ERISA §§ 406 and 410, breached fiduciary duties under ERISA § 404, and failed to provide documents requested under ERISA § 104(b)(4).  Consequently, all counts in the Complaint are "Covered Claims" under Section 17.10(b), and thus in the scope of the Plan's arbitration provisions.  *McAllister*, 496 F. App'x at 106.

*Third*, the Second Circuit has held that ERISA claims may be arbitrated, and Congress did not intend for claims under ERISA to be nonarbitrable.  *Bird v. Shearson Lehman/Am. Exp., Inc.*, 926 F.2d 116, 118 (2d Cir. 1991).  Therefore, this holding supports Defendants' motion.

*Fourth*, all of Plaintiff's claims are arbitrable, and Defendants intend to ask the Court to stay this matter in favor of any arbitration proceeding, pursuant to Section 3 of the Federal Arbitration Act.  *See* 9 U.S.C. § 3 (providing that the court where a case with arbitrable claims is pending "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

### III.   The Court Should Compel Arbitration on an Individual Basis

Section 17.10(f) of the ESOP Plan Document provides that "[a]ll Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on

Hon. John G. Koeltl
February 8, 2021
Page 3

a class, collective, or group basis." The Supreme Court has recognized that class action waiver provisions are enforceable. *See Epic Sys. Corp.* v. *Lewis*, 138 S. Ct. 1612, 1619 (2018) ("In the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings.").

Moreover, Section 17.10(h) of the ESOP Plan Document provides that the arbitrator does not have authority to resolve a dispute or issue with respect to the class action waiver provision in Section 17.10(f). Accordingly, the Court should order Plaintiff to pursue any arbitration of claims in his Complaint on an individual, rather than class or representative basis.

### IV. The Court Should Award Defendants Their Attorneys' Fees

Finally, Section 17.10(r) provides that "[i]n the event a Claimant makes an unsuccessful challenge to the validity, enforceability or scope of the Arbitration Procedure in any court, the Claimant shall, to the maximum extent permitted by law, reimburse the defendants in that action for all attorneys' fees, costs, and expenses incurred by them in defending against the Claimant's unsuccessful court challenge." This Court has previously enforced contract provisions awarding fees to parties forced to move to compel arbitration. *See, e.g., Barreto v. Jec II, LLC*, No. 16-CV-9729 (KBF), 2017 WL 3172827, at *6 (S.D.N.Y. July 25, 2017).

*     *     *     *

Defendants' counsel sent a letter to Plaintiff's counsel on February 2, 2021, explaining the Plan's Arbitration Procedure and asking Plaintiff to dismiss his Complaint in favor of arbitration. Counsel's letter also enclosed a copy of the ESOP Plan Document. Should Plaintiff decline to dismiss this case voluntarily, Defendants intend to file a motion to compel arbitration along the lines sketched out above, and Defendants ask the Court to schedule a pre-motion conference with respect to the motion to compel, should the Court deem it necessary.

Respectfully,

*/s/ Michael J. Prame*

Michael J. Prame

*Attorney for Defendant Argent Trust Company*

*/s/ Jeremy P. Blumenfeld*
(signed with permission)

Jeremy P. Blumenfeld

*Attorney for Defendants Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, and Strategic Financial Solutions, LLC*

cc:     Counsel of Record (via Electronic Case Filing)