# GROOM LAW GROUP

September 24, 2021

**Via ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Cedeno v. Argent Trust Company, et al.* **(Case No. 1:20-cv-09987-JGK)**

Dear Judge Koeltl:

      On behalf of all Defendants, we write in response to Plaintiff's letter filed on September 14, 2021 (Dkt. No. 70) (the "Letter"). Neither opinion that Plaintiff submitted with his Letter should change the conclusion—as demonstrated in Defendants' motion to compel arbitration (Dkt. No. 59), memorandum (Dkt. No. 60), and reply (Dkt. No. 68)—that the Court should compel Plaintiff to pursue all claims in his Complaint via binding individual arbitration.

      <u>*Henry v. Wilmington Trust, N.A.*</u>

      In *Henry v. Wilmington Trust, N.A.*, No. 19-1925, 2021 WL 4133622 (D. Del. Sept. 10, 2021), the district court denied the defendants' motion to dismiss pursuant to a mandatory arbitration clause. *Id.* at *1. Not only is *Henry* factually distinguishable from the instant case (as discussed below) but, tellingly, Plaintiff in his Letter failed to mention that the district court in *Henry* observed that an arbitration provision requiring individual arbitration of claims under ERISA § 502(a)(2)—just like the Waiver Provision and 502(a)(2) Remedy Provision in Sections 17.10(f) and 17.10(g) of the Plan Document—would likely be enforceable. Indeed, the district court noted that the plaintiff, "as the party seeking a determination that the FAA enforcing the Class Action Waiver and ERISA 'cannot be harmonized and that one displaces the other, bears the ***heavy burden*** of showing a ***clearly expressed congressional intention*** that such a result should follow.'" *Henry*, 2021 WL 4133622, at *6 n.9 (quoting *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1614 (2018)) (emphasis added). As Defendants pointed out in their Reply, *see id.* at 5, the district court highlighted the difficulty of carrying that burden by noting that "in *Epic*, the Supreme Court identified 'many cases over many years' where it failed to find 'a congressional command sufficient to displace the Arbitration Act' even in statutes that 'expressly permitted collective legal actions' and 'declared any waiver of the rights provided to be void,'" *Henry*, 2021 WL 4133622, at *6 n.9.

      Based on *Epic Systems*, the district court concluded that "very little will satisfy Henry's burden, except a clear and express command by Congress that an arbitration provision requiring a class action waiver is void," and "[t]he Court cannot see that ERISA §§ 409(a) and 410(a) clear this hurdle." *Id.* The district court's view in *Henry* is consistent with Defendants' argument—

Hon. John G. Koeltl
September 24, 2021
Page 2

that "Plaintiff offers no 'clearly expressed congressional intention' in ERISA that supports overriding arbitration," nor "any reason why ERISA should be unique among federal statutes in being exempt from the Court's clear guidance in *Epic Systems*." *See* Reply at 5.

In addition, *Henry* is factually distinguishable from this case. Similar to Defendants here, in *Henry* the defendants sought to enforce an arbitration provision in an ESOP plan document. *See Henry*, 2021 WL 4133622, at *1. The district court concluded that "[i]t is unclear whether notice was provided to any of the Plan participants when the Plan later adopted the arbitration provision in 2017" and, at least at the motion to dismiss stage, "[t]he facts . . . plausibly support Henry's assertion that he did not have notice and therefore did not have the necessary intent to manifest assent." *See id.* at *6.

Importantly, the ESOP plan document in *Henry* was adopted in January 2015 and amended to add the arbitration provision in 2017. *Id.* Although Defendants dispute that notice is required when an ESOP plan document is amended to include an arbitration provision, the facts in *Henry* are different than in this case, where the Plan Document has **always** included arbitration provisions in Section 17.10. Therefore, the factual basis underpinning the court's decision in *Henry* is nonexistent here, and that court's ruling should not change the conclusion that Plaintiff assented to the arbitration provisions by virtue of his participation in the Plan. *See* Reply at 7-8.

### <u>Smith v. Board of Directors of Triad Manufacturing, Inc.</u>

*Smith v. Board of Directors of Triad Manufacturing, Inc.*, No. 20-2708, 2021 WL 4129456 (7th Cir. Sept. 10, 2021), is inapposite to this case. In *Smith*, a three-judge panel of the Seventh Circuit affirmed the denial of a motion to compel arbitration after concluding that a class action waiver provision was unenforceable because it effected a "prospective waiver" of the plaintiff's "right to pursue statutory remedies" under ERISA § 409. *See id.* at *6-7.

The panel concluded that the class action waiver provision caused a prospective waiver with respect to only **one narrow statutory remedy**—removal of fiduciaries under ERISA § 409. *See id.* Crucially, Plaintiff ***does not seek that form of relief*** in his Complaint. *See* Compl. (Dkt. No. 1) at pp. 30-31. Accordingly, the conclusion in *Smith* that the class action waiver provision at issue was unenforceable because it arguably prevented the plaintiff from seeking removal of fiduciaries is irrelevant to this case.

Moreover, it would be futile for Plaintiff to amend his Complaint to add a request to remove Argent as fiduciary to the Plan, because Argent no longer serves as the Plan's trustee or fiduciary.

Even if *Smith* were relevant, it was wrongly decided because it sidesteps the analysis required under *Epic Systems* entirely. The Seventh Circuit acknowledges the defendants' argument that the plaintiff in that case "has not borne his burden in showing that the FAA and ERISA 'cannot be harmonized.'" *See Smith*, 2021 WL 4129456, at *7. But the Seventh Circuit then fails to hold the plaintiff to that "high burden" of establishing "a clearly expressed

Hon. John G. Koeltl
September 24, 2021
Page 3

congressional intention" not to harmonize the FAA and ERISA. Nowhere in *Smith* does the Seventh Circuit engage in the type of statutory construction required to establish a conflict between the FAA and ERISA, much less identify an express statutory provision in ERISA's remedies provision that would displace the mandates of the FAA. Indeed, the Seventh Circuit undertakes a fundamentally different analysis, noting: "the conflict in need of harmonization is *not* between the FAA and ERISA [as *Epic Systems* requires]; it is between **ERISA and the plan's arbitration provision**, which precludes certain remedies that §§ [502](a)(2) and [409](a) expressly permit." *Id.* (emphasis added).

If anything, the only manner in which *Smith* would apply to this case is in supporting **Defendants'** argument that Plaintiff can be compelled to arbitrate claims under ERISA § 502(a)(2) on an individual basis because he only has an interest in the value of his individual Plan account (not in any remedy with plan-wide impact). *See* Mem. at 15-18; Reply at 1-6. Indeed, the Seventh Circuit did not find "individualized arbitration inherently incompatible with ERISA," noting that "[b]ecause Smith participated in a defined contribution plan, *LaRue*, and not *Russell*, governs, and the Court made clear in *LaRue* that § 1132(a) 'authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's *individual* account.'" *Smith*, 2021 WL 4129456, at *7 (emphasis in original). In other words, as is relevant to this case, the Seventh Circuit agrees with Defendants, *see* Reply at 3-4, that provisions like the Waiver Provision and 502(a)(2) Remedy Provision leave Plaintiff free to pursue the same remedies in individual arbitration that he seeks in his Complaint—*i.e.*, remedies to address any alleged injury that he can prove he suffered with respect to his individual Plan account.

\*   \*   \*   \*

Defendants respectfully submit that the *Henry* and *Smith* opinions should not change the Court's conclusion regarding whether Plaintiff should be compelled to arbitrate his claims on an individual basis, and Defendants ask that the Court grant their motion.

Respectfully,

*/s/ Lars C. Golumbic*

Lars C. Golumbic

*Attorney for Defendant Argent Trust Company*

*/s/ Jeremy P. Blumenfeld*
(signed with permission)

Jeremy P. Blumenfeld

*Attorney for Defendants Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, and Strategic Financial Solutions, LLC*

cc:   Counsel of Record (via Electronic Case Filing)