UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

RAMON DEJESUS CEDENO, individually
and on behalf of a class of all
other persons similarly situated,
                    Plaintiffs,

            - against -

ARGENT TRUST COMPANY et al.,
                    Defendants.

———————————————————————————

20-cv-9987 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Ramon Dejesus Cedeno, brought this putative

class action alleging violations of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA")

by the defendants: Argent Trust Co., Ryan Sasson, Daniel

Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LC,

Blaise Investments LLC, and Strategic Financial Solutions, LLC.

Compl., ECF No. 17. The plaintiff sought to represent a class of

the participants in his retirement plan. The defendants moved to

compel individual arbitration and to stay the case. ECF No. 59.

However, the arbitration agreement at issue precluded

participants in the retirement plan at issue, which is governed

by ERISA, from seeking relief for the plan as a whole, a form of

relief that is otherwise provided for by ERISA. Because this

provision is invalid and is not severable from the arbitration

provision in the plan, the motion to compel arbitration is

**denied.**

**I.**

"In deciding motions to compel, courts apply a standard

similar to that applicable for a motion for summary judgment."

Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016).[1]

Thus, a court should "consider all relevant, admissible evidence

submitted by the parties and contained in pleadings,

depositions, answers to interrogatories, and admissions on file,

together with affidavits." Id. The Court must draw all

reasonable inferences against the moving party. Id. In this

case, there has been no discovery, and there is no dispute as to

the following facts.

The plaintiff is an employee of Strategic Financial

Solutions, LLC. Compl. ¶ 18. He is a participant in its

strategic employee stock ownership plan (the "Plan"), id., a

type of retirement plan covered by ERISA, see § 407(d)(6). The

Plan is a defined contribution plan which means that

participants have individual accounts within the Plan from which

their retirement benefits will be paid. Compl. ¶ 42.

---

[1] For clarity, unless otherwise specified, this Memorandum
Opinion and Order refers directly to sections of ERISA and the
FAA, rather than to provisions of the United States Code, and
uses the section symbol (§) to do so. It uses the word "section"
to refer to sections of the Plan Document. Unless otherwise
noted, in quotations from cases, this Memorandum Opinion and
Order omits all alterations, brackets, citations, emphases, and
internal quotation marks.

In his complaint, the plaintiff alleges that the defendants breached their fiduciary duties under ERISA, thereby causing the Plan to suffer losses. Compl. ¶ 13. The complaint alleges that the defendant Argent Trust Co caused the Plan to buy shares of Strategic Family, Inc. for more than fair market value, thereby damaging the Plan and its participants, including the plaintiff. The complaint seeks to order each defendant to make good to the Plan the losses resulting from the breaches of ERISA and restore to the Plan any profits that the defendants made through use of the assets of the Plan. The complaint also seeks certain declaratory relief.

ERISA § 409(a) provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA § 502(a)(2) provides that "[a] civil action may be brought . . . by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409].

The Plan, adopted in 2017, Compl. ¶ 18, is governed by an instrument called the Plan Document. Williams Decl. Ex. A, ECF No. 61-1. Section 17.10 of the Plan Document, entitled

"Mandatory and Binding Arbitration," sets forth a procedure for resolving disputes, namely, the Arbitration Procedure, and includes three sections that are relevant to deciding this motion.

Section 17.10(b) provides that participants commit to "settl[ing] by binding arbitration" any claims arising out of the Plan, for breaches of the Plan, or for violations of ERISA. Section 17.10(g) provides that:

> If a . . . Claim is brought under ERISA section 502(a)(2) to seek relief under ERISA section 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's Accounts resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely for the benefit of the Claimant's Accounts, or (iii) such other remedial or equitable relief as the arbitrator deems proper, so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Employee, Participant or Beneficiary other than the Claimant.

(emphasis added). The effect of section 17.10(g) is to limit an arbitration to providing a remedy solely with respect to a participant's individual account and to prevent the arbitrator from awarding any relief for the benefit of the Plan that goes beyond a benefit for the individual participant's account.

Section 17.10(h) in turn provides that:

> [Section] 17.10(g) shall . . . be a material and non-several term of the Arbitration Procedure. If an arbitrator(s) or a court of competent jurisdiction finds these requirements to be unenforceable or invalid, then

4

the entire Arbitration Procedure shall be rendered null and void in all respects. Except as to the applicability and enforceability of the requirements of Section[] . . . 17.10(g), the arbitrator(s) shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to the Arbitration Procedure, including as to the jurisdiction of the arbitrator(s) or relating to the existence, scope, validity enforceability or performance of the Arbitration Procedure or any of its provisions. Any dispute or issue as to the applicability or validity of the requirements of Section[] . . . 17.10(g) shall be determined solely by [a court.]

The defendants now move to compel arbitration pursuant to section 17.10. In response, the plaintiff argues that section 17.10(g) is void, and that because it is not severable from section 17.10, the entire Arbitration Procedure must fail, and the motion to compel arbitration must be denied. The defendants do not dispute that section 17.10(h) renders section 17.10(g) inseverable from the arbitration requirement in the Plan, and indeed that is the best reading of that provision.

The parties also appear to agree that the Court, not the arbitrator, should decide the issue of the "applicability and enforceability" of section 17.10(g). The Plan Document expressly provides that the applicability and enforceability of section 17.10(g) is beyond the scope of the arbitration. Plan Document section 17.10(h). Thus, the Plan Document requires the Court to decide the enforceability of the clauses.

**II.**

The defendants argue that a participant in a defined contribution plan does not have the statutory right to seek plan-wide relief and is limited to relief for that participant's individual account. That argument is contrary to the text of ERISA as well as to well-established precedent.

ERISA § 409(a) provides that a fiduciary who breaches fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." In other words, ERISA provides for restitution of the entire loss (or disgorgement of the entire gain) to the plan. See also LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 261 (2008) (Thomas, J., concurring in the judgment).

ERISA § 502(a)(2) in turn provides that "[a] civil action may be brought . . . by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409]." The "appropriate relief under [§ 409]" includes restitution of the entirety of the loss to the plan. Thus, under the plain text of ERISA, a participant has the right to bring a civil action to obtain restitution of the entire loss to the plan.

That interpretation is confirmed by the structure of §
502(a). ERISA § 502(a)(1) authorizes suits by a "participant or
beneficiary" for individual relief including to recover benefits
due to the participant or beneficiary under the terms of the
plan. ERISA § 502(a)(2) by contrast authorizes suits by "the
Secretary, or by a participant, beneficiary or fiduciary for
appropriate relief" under § 409. And reparation of losses to the
plan was a core concern of the draftsmen of § 409. LaRue, 552
U.S. at 254; Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134,
142 (1985).

The defendants rely on the Supreme Court's decisions in
Russell and LaRue to argue that the plaintiff cannot obtain
Plan-wide relief. In particular, they argue that LaRue stands
for the proposition that an individual participant in a defined
contribution plan can seek relief only for that individual's
personal losses, to that person's individual account. That is an
incorrect reading of LaRue.

Russell involved a defined benefit plan, meaning that it
had no individual accounts, and paid a fixed benefit. See LaRue,
552 U.S. at 255. The plaintiff was temporarily denied benefits
under her plan. Russell, 473 U.S. at 136. Suing under
§ 502(a)(2), the plaintiff sought consequential damages that had
arisen from the delay in paying her benefits. LaRue, 552 U.S. at
250. The Court denied her claim. Russell, 473 U.S. at 148. The

Court first emphasized that, under § 409(a), "the potential personal liability of the fiduciary is . . . 'to the plan.'" Id. at 140. The Court noted that the "draftsmen [of ERISA] were primarily concerned with the possible misuse of plan assets, and with the remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." Id. at 142. And it concluded that "Congress did not intend that section to authorize any relief except for the plan itself." Id. at 144. Because the plaintiff's relief would accrue only to her, without any benefit to the plan, the Court found that she lacked a cause of action under § 502(a)(2). Id.

In LaRue, the plaintiff, a participant in a defined contribution plan, alleged that certain acts by the plan fiduciary had specifically depleted the plaintiff's own account within the plan. LaRue, 552 U.S. at 250-51.

Unlike in Russell, the Court found that the plaintiff did have a cause of action under § 502(a)(2):

> [A]lthough § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account.

Id. at 256. LaRue reiterated the foundations of Russell: the language of § 409(a) emphasizes relief to the plan, and the legislative purpose was to prevent "misuse and mismanagement of plan assets by plan administrators." Id. at 254 (quoting

Russell, 473 U.S. at 140, 142). And the Court stressed that it drew no distinction between breaches that "diminishe[d] plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts." Id. at 256. Far from constraining relief under § 409(a) in a defined contribution plan, LaRue makes clear that relief is available wherever it would advance the protection of the entire plan.[2]

Consistent with this interpretation, courts, including the Court of Appeals for the Second Circuit, have granted plan-wide relief in the context of defined contribution plans such as the one at issue in this case. See, e.g., Browe v. CTC Corp., No. 19-677-cv, 2021 WL 4449878, at *14 (2d Cir. Sept. 29, 2021); Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A., 919 F.3d 763, 781 (4th Cir. 2019), as amended (Mar. 22, 2019); Perez v. Bruister, 823 F.3d 250, 258 (5th Cir. 2016).

---

[2] The defendants point to Justice Stevens's statement in LaRue that "the 'entire plan' language from Russell which appears nowhere in § 409 or § 502(a)(2) does not apply to defined contribution plans." LaRue, 552 U.S. at 256. However, that statement was made in the context of a paragraph that made it clear that fiduciaries had liability for losses in an individual account in a defined contribution plan. It did not imply that a participant who suffered losses in an account in a defined contribution plan could not seek plan-wide relief for the breach of fiduciary duties that brought about the loss to the individual account.

In short, the defendants' contention that ERISA does not confer a right to a plan-wide remedy for a participant in a defined contribution plan who claims that fiduciaries breached their duties to the plan is without merit.[3]

### III.

Despite the ERISA-conferred right to a plan-wide remedy, section 17.10(g) provides that the plaintiff cannot recover losses to the entire Plan. Section 17.10(g) purports to limit the available remedies that ERISA explicitly provides. This provision is invalid and unenforceable because it purports to limit the available remedies that ERISA explicitly provides.

The Supreme Court has stated that prospective waivers of statutory rights are impermissible. See, e.g., Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 236 (2013) (expressing a "willingness to invalidate . . . prospective waiver[s] of a party's right to pursue statutory remedies"); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19 (1985). The comments in Italian Colors and Mitsubishi were dicta because in neither case was the Court faced with a contractual provision that explicitly prevented the pursuit of a statutory

---

[3] The Court of Appeals for the Second Circuit has made it clear that a plan participant in a defined contribution plan who seeks to recover benefits for the plan must proceed in a representative capacity on behalf of the plan. See Coan v. Kaufmann, 457 F.3d 250, 261 (2d Cir. 2006). The plaintiff has done so here by bringing a purported class action.

remedy. The Supreme Court has, however, invalidated contractual provisions that purported to waive statutory rights. See, e.g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 51 (1974) (holding that Title VII rights may not be prospectively waived).[4]

The Court of Appeals for the Seventh Circuit has explicitly held that a plaintiff's right to a plan-wide remedy under ERISA §§ 409(a) and 502(a)(2) cannot be prospectively waived. See Smith v. Bd. of Dirs. of Triad Manufs., Inc., 13 F.4th 613, 621 (7th Cir. 2021). That decision is persuasive.[5] Therefore, the provision in section 17.10(g) of the Plan that precludes an

---

[4] The plaintiffs also rely on Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173 (2d Cir. 2021). In Cooper, the Court of Appeals for the Second Circuit pointed out that, under Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006), a claim for recovery for a plan under ERISA §§ 502(a)(2) and 409(a) must be brought in a representative capacity. Cooper, 990 F.3d at 184. Because the agreement in that case prevented such collective actions, the agreement made it impossible to pursue remedies provided for by the statute. Id. The Court of Appeals found that arbitration should not be required. Id. at 185. However, this was an alternative holding, because the Court had already found that the agreement to arbitrate did not cover the dispute at issue. Id.

[5] In Dorman v. Charles Schwab Corp., 780 F. App'x 510 (9th Cir. 2019), the Court of Appeals for the Ninth Circuit held that a waiver of class arbitration was valid because LaRue "recognized that [§ 502(a)(2)] claims are inherently individualized when brought in the context of a defined contribution plan." Id. at 514. The Court of Appeals for the Seventh Circuit in Smith did not find this language controlling. Smith, 13 F.4th at 623. Smith is more persuasive than Dorman. Simply because a participant in a defined contribution plan may only be able to recover the losses in that participant's individual account does not mean that the participant cannot seek recovery for the total losses to be reimbursed to the plan as a whole, and there is nothing in LaRue that would prevent such recovery.

individual participant from seeking Plan-wide relief is invalid because it seeks to waive prospectively the statutory remedies in ERISA § 409(a) that a Plan participant is entitled to seek under ERISA § 502(a)(2).

### IV.

There is nothing in the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., ("FAA") that suggests a different result. In Epic Systems Corp. v. Lewis, 138 S. Ct. 1612 (2018), the Supreme Court explained that courts should attempt to reconcile provisions of the FAA with any apparently conflicting statutes. Id. at 1619. Epic involved arbitration clauses that included waivers of the right to proceed collectively in certain arbitrations, which the employees argued conflicted with the collective activities protected by the National Labor Relations Act ("NLRA"). Id. at 1619-20. The Supreme Court noted that Congress "specifically directed [courts] to respect and enforce the parties' chosen arbitration procedures." Id. at 1621 (citing FAA §§ 3-4). Indeed, FAA § 4 specifically protects the "manner" of arbitration described in an arbitration agreement. Because collective proceedings are a "manner" of arbitration, the waiver of class or collective actions in an arbitration is a provision pertaining to the manner of arbitration, and to fail to enforce that waiver provision would be to disregard the FAA. Id. A very compelling reason was needed to disregard a statute. Id. at

1624. An irreconcilable conflict with another statute might have
provided such a reason, but faced with a potential conflict, the
Court had a "duty" to "strive 'to give effect to both'"
statutes. Id. at 1619, 1624 (citing Morton v. Mancari, 417 U.S.
535, 551 (1974)). Because the NLRA was susceptible to an
interpretation that it did not protect the right to proceed
collectively in an arbitration, and because that interpretation
would remove any conflict with the FAA, the Court was obligated
to adopt that interpretation. Id. at 1619.

In this case, there is in fact a clear statutory right for
a participant to seek Plan-wide relief under §§ 409(a) and
502(a)(2), and there is no conflict with the FAA because there
is no provision of the FAA that prevents a participant from
seeking such remedies.

The FAA does not protect the remedies sought in
arbitration. Unlike the clause at issue in Epic, section
17.10(g) is not a clause about the "manner" of arbitration, but
a clause about the remedies available to a participant in an
ERISA plan. There is nothing in the FAA that directs a Court to
defer to the remedies provided in an arbitration agreement. See
Smith, 13 F.4th at 622-23 ("[T]he conflict in need of
harmonization is not between the FAA and ERISA; it is between
ERISA and the plan's arbitration provision . . . ."). The defect
in the parties' arbitration agreement in this case is not that

it does not provide for a collective or class action — an issue
of the manner of arbitration protected by the FAA — but that it
precludes a statutory remedy provided for by ERISA.

FAA § 2 expressly provides that an arbitration agreement is
not enforceable "upon such grounds as exist at law or in equity
for the revocation of any contract." A general principle of
contract law is that a clause is invalid if it is contrary to
law. Van Bergh v. Simons, 286 F.2d 325, 326 (2d Cir. 1961). In
this case, section 17.10(g) cannot be severed from the rest of
the arbitration procedure, because the parties so agreed in
section 17.10(h). And section 17.10(g) is clearly contrary to
law, because it attempts to limit remedies that ERISA expressly
provides. As such, a general principle of contract law
invalidates the arbitration provision, and the FAA authorizes
the Court to refuse to enforce it.

**V.**

While specific clauses of an arbitration agreement are
sometimes excised to allow an arbitration to proceed, the
parties in this case specifically provided that if the Court
found that the elimination of a Plan-wide remedy was unlawful,
then the entire arbitration provision should be stricken. Plan
Document section 17.10(h). Neither party contends that the
provision is severable. Such an agreement must be honored. See,
e.g., Smith, 13 F.4th at 623. Therefore, the arbitration

14

provision must be stricken and the request to compel arbitration must be denied.

### Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The plaintiff has the right under §§ 409(a) and 502(a)(2) to recover for the Plan as a whole. That right is not waivable. Section 17.10(g), which purports to waive that right, is therefore invalid. Under section 17.10(h), section 17.10(g) is inseverable from the Arbitration Procedure. Therefore, voiding section 17.10(g) voids the entire Arbitration Procedure. Accordingly, the motion to compel arbitration is **denied**. The Clerk is directed to close Docket Nos. 59, 67, and 69.


**SO ORDERED.**
**Dated:**     **New York, New York**
              **November 2, 2021**

                                    _____
                                       **John G. Koeltl**
                                 **United States District Judge**

15